UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CARLOS PETERSON,

                                        Plaintiff,

                                                                    5:14-CV-01260
v.

                                                                    (TJM/TWD)
ONONDAGA COUNTY, SYRACUSE, NY,

                                        Defendant.
_____

APPEARANCES:

CARLOS PETERSON
08-B-3052
Plaintiff, *pro se*
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13021

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

The Clerk has sent to the Court for review the Complaint in this 42 U.S.C. § 1983 civil

rights action brought by Plaintiff, Carlos Peterson, who is presently confined in Auburn

Correctional Facility, against Defendant Onondaga County.  (Dkt. No. 1.)  Also before the Court

is Plaintiff's second application for leave to proceed *in forma pauperis* ("IFP Application").

(Dkt. No. 5.)[1]

---

[1]  Plaintiff's first IFP Application (Dkt. No. 2) was denied as incomplete in an Order
Directing Administrative Closure with Opportunity to Comply With Filing Fee Requirement
because the application was not certified.  (Dkt. No. 4.)  The case was reopened by Text Order of
January 12, 2015, upon the filing of a second IFP application that is properly certified.  (Dkt. No.
5.)

## II.     IFP APPLICATION

As to Plaintiff's second IFP Application, the Court finds that Plaintiff has demonstrated

economic need and has filed the inmate authorization form (Dkt. No. 3) required in the Northern

District to proceed with this matter *in forma pauperis*.  As a result, Plaintiff's second IFP

Application (Dkt. No. 5) is granted.[2]

## III.    INITIAL SCREENING

Having found that Plaintiff meets the financial criteria for commencing this case *in forma*

*pauperis*, and because Plaintiff seeks relief from a governmental entity or an officer or employee

of a governmental entity, the Court must consider the sufficiency of the allegations set forth in

the Complaint in light of 28 U.S.C. §§ 1915(e) and 1915A.  Section 1915(e) directs that when a

plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court

determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which

relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).[3]

Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action

in which a prisoner seeks redress from a governmental entity or officer or employee of a

---

[2]  The total cost for filing a civil action in this court is $400.00 (consisting of the civil filing fee of $350.00, *see* 28 U.S.C. § 1914(a), and an administrative fee of $50.00).  A party granted in forma pauperis status is not required to pay the $50.00 administrative fee; however, a prisoner granted in forma pauperis status is required to pay over time, the full amount of the $350.00 filing fee, regardless of the outcome of the action.  *See* 28 U.S.C. § 1915(b)(3).

[3]  To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief can be granted; or . . . seeks monetary relief against a person who is immune from such relief."  28 U.S.C. § 1915A.

In reviewing a *pro se* complaint, the Court has the duty to show liberality towards *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted).  Therefore, a court should not dismiss a complaint if the Plaintiff has stated "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court should construe the factual allegations in the light most favorable to Plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).  "[W]here the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged    but it has not "show[n] that the pleader is entitled to relief." *Id*. at 679 (quoting Federal Rule of Civil Procedure 8(a)(2)). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned,

the-defendant-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will

not suffice. *Id.* (internal quotations marks and alterations omitted). Allegations that "are so

vague as to fail to give the defendants adequate notice of the claims against them" are subject to

dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

Where a *pro se* complaint fails to state a cause of action, the court generally "should not

dismiss without granting leave to amend at least once when a liberal reading of the complaint

gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112

(2d Cir. 2000) (citation and internal quotation marks omitted). An opportunity to amend is not

required where "the problem with [the plaintiff's] causes of action is substantive" such that

"better pleading will not cure it." *Cuoco*, 222 F.3d at 112 (citation omitted).

## IV.    PLAINTIFF'S COMPLAINT

On May 8, 2008, Plaintiff entered a Syracuse, New York church through a side window

and shortly thereafter was found there by Syracuse police officers. (Dkt. No. 1 at 2.) Plaintiff

claims that the police officers used excessive force in arresting him,[4] and that he was charged

with and found guilty of, *inter alia*, assault in the second degree, a Class A felony, under N.Y.

---

[4] In his Complaint, Plaintiff indicates that he has a lawsuit against the City of Syracuse
for assault and slander presently pending and on appeal. (Dkt. No. 1 at ¶ 5.) Plaintiff
commenced an action for police misconduct and brutality against the City of Syracuse and a
number of individual members of the City of Syracuse Police Department on January 29, 2009,
in the United States District Court, Northern District of New York. (No. 1:09-CV-00106, Dkt.
No. 1.) The Hon. Lawrence E Kahn, D.J., awarded Plaintiff damages in the amount of $1.00 on
a default judgment. (No. 1:09-CV-0106, Dkt. No. 114.) Plaintiff's appeal challenging the
adequacy of the damages award is now before the Second Circuit. (No. 1:09-CV-0106, Dkt.
Nos. 133, 141.)

Penal Law, § 120.05(3).[5]  *Id*. at 5.  According to Plaintiff, he was also improperly charged with resisting arrest, criminal mischief, burglary, trespassing, and outstanding traffic warrants.  *Id*. at 6.

Plaintiff has also alleged that his constitutional rights were violated by an arrest that was made without probable cause and an unfair trial.  *Id*. at 7-8.  According to Plaintiff, he observed one of the jurors and one of the defendant police officers communicating with the Judge during the trial, which Plaintiff contends was a conflict of interest.  *Id*.  at 7.  Plaintiff also claims that there was insufficient evidence to convict him.  *Id*. at 8.

In his Complaint, Plaintiff asks the Court to summon the Onondaga County District Attorney to answer the civil suit filed and also to determine the nonexistence of evidence.  *Id*.

## V.      ANALYSIS

### A.      Standard for Establishing Municipal Liability

Pursuant to the standard for establishing municipality liability laid out in *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978), in order to set forth a cognizable claim for municipal liability under § 1983, a plaintiff must plead and prove that a deprivation of his constitutional  rights "was caused by a governmental custom, policy, or usage of the municipality."  *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (citing *Monell,* 436 U.S. 658); *see also Vippolis v. Village of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985) ("The plaintiff must first prove the existence of a municipal policy or custom in order to show that the

---

[5]  According to the Memorandum of the Appellate Division, Fourth Department on Plaintiff's appeal of his conviction, Plaintiff was convicted upon a jury verdict of, *inter alia*, two counts of assault in the second degree for injuring two police officers.  *See People v. Peterson*, 897 N.Y.S.2d 361, 362 (4th Dep't 2010).  The judgment of conviction was affirmed by the Fourth Department.  *Id*.

municipality took some action that caused his injuries beyond merely employing the misbehaving officer. Second, the plaintiff must establish a causal connection   an 'affirmative link'   between the policy and the deprivation of his constitutional rights.") (citing *Oklahoma v. Tuttle*, 471 U.S. 808, 824 n.8 (1985)) (plurality opinion).

Plaintiff has failed to identify or allege any facts showing the existence of a municipal policy or custom of Onondaga County with regard to his arrest, claim of police brutality by Onondaga County, arrest without probable clause, or claims of unfair trial and conviction upon insufficient evidence. In fact, Plaintiff's Complaint is devoid of allegations regarding Onondaga County, except for his allegation that he received treatment for his injuries at the Onondaga Justice Center and his request that the Onondaga County District Attorney be summoned to answer the civil suit and to determine the truth with regard to the non-existence of evidence.[6] Plaintiff's claims arising out of the alleged police brutality by City of Syracuse Police officers have no connection to Onondaga County and were, in any event, resolved by the entry of a default judgment against the police officers in *Peterson v. Lester, et al.*, No. 1:09-CV-0010, Dkt. No. 58, discussed in footnote 3, *supra.*

**B.**     ***Heck v. Humphrey***

Furthermore, Plaintiff's constitutional claims that occurred in connection with his trial

---

[6] The only allegations in the Complaint that could be construed to involve the District Attorney relate to the evidence at trial, with respect to which the District Attorney would be entitled to prosecutorial immunity. *See Hill v. City of New York*, 45 F.3d 653, 660-61 (2d Cir. 1995) ("Prosecutors are entitled to absolute immunity for that conduct intimately associated with the judicial phase of the criminal process.") (citation and internal quotation marks omitted); *Peterson v. Todd*, No. 5:12-CV-1371 (MAD/DEP), 2013 WL 2487253, at *4, 2013 U.S. LEXIS 80175 (N.D.N.Y. June 7, 2013) (dismissing with prejudice Plaintiff's action against Onondaga County District Attorney upon initial review based in part on a determination of prosecutorial immunity).

and criminal conviction are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the

Supreme Court held that:

> in order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions
> whose unlawfulness would render a conviction or sentence invalid,
> a § 1983 plaintiff must prove that the conviction or sentence has
> been reversed on direct appeal, expunged by executive order,
> declared invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's issuance
> of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages
> bearing that relationship to a conviction or sentence that has *not*
> been so invalidated is not cognizant under § 1983. (emphasis in
> original).

*Heck*, 512 U.S. at 486-87; *see also Peterson v. Todd*, No. 5:12-CV-1371 (MAD/DEP), 2013 WL

2487253, at *4, 2013 U.S. LEXIS 80175 (N.D.N.Y. June 7, 2013) ("A claim for damages

relating to a conviction that has not been so invalidated is not cognizable under Section 1983."0

(citation and internal quotation marks omitted).

Here, as in *Peterson v. Todd*, because Plaintiff's Complaint "does not allege that he has

successfully invalidated the conviction he seeks to challenge, and the fact of [his] current

incarceration suggests his conviction has not, in fact, been invalidated, his claims in this action

are precluded." *Id*. at * 9.

### C.     Whether to Permit Amendment

As noted above, the court generally should not dismiss a *pro se* litigant's complaint

"without granting leave to amend at least once when a liberal reading of the complaint gives any

indication that a valid claim might be stated." *Cuoco,* 222 F.3d at 112. Leave to amend is not

necessary where "the problem with [the plaintiff's] causes of action is substantive" such that

"better pleading will not cure it." *Id.; see also Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794,

796 (2d Cir. 1999) (granting leave to amend is appropriate "unless the court can rule out any possibility, however, unlikely it might be, that an amended complaint would succeed in stating a claim."). "Where it appears that granting leave to amend is unlikely to be productive, . . it is not an abuse of discretion to deny leave to amend." *Ruffalo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

The allegations in Plaintiff's Complaint, liberally construed, give no indication whatsoever that if granted leave, Plaintiff would BE ABLE succeed in stating a municipal liability claim against Onondaga County under *Monell*, 436 U.S. 658, particularly inasmuch as Plaintiff's claims of police brutality involve only Syracuse City police officers. Moreover, the Court finds that Plaintiff's claims with regard to his trial and criminal conviction are barred under *Heck,* 512 U.S. 477. Therefore, the Court recommends that Plaintiff's Complaint be dismissed for failure to state a claim and as barred under *Heck* without leave to amend.

**ACCORDINGLY**, it is hereby

**ORDERED**, that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 5) is **GRANTED**; and it is

**RECOMMENDED**, that the Complaint (Dkt. No. 1) be **DISMISSED WITHOUT LEAVE TO AMEND** for failure to state a claim and as barred under *Heck v. Humphrey*, 512 U.S. 447 (1993); and it is hereby

**ORDERED** that the Clerk serve a copy of this Order and Report-Recommendation on Plaintiff, along with a copy of the unpublished decision in *Peterson v. Todd*, No. 5:12-CV-1371 (MAD/DEP), 2013 WL 2487253 (N.D.N.Y. June 7, 2013), in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: March 24, 2015
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge



Not Reported in F.Supp.2d, 2013 WL 2487253 (N.D.N.Y.)
**(Cite as: 2013 WL 2487253 (N.D.N.Y.))**

Only the Westlaw citation is currently available.

United States District Court,
N.D. New York.
Carlos PETERSON, Plaintiff,
v.
Judge Donald E. TODD, and D.A. William Fitzpatrick, Defendants.

No. 5:12–CV–1371 (MAD/DEP).
June 7, 2013.

Carlos Peterson, Dannemora, NY, pro se.

**MEMORANDUM–DECISION AND ORDER**
MAE A. D'AGOSTINO, District Judge.

**I. INTRODUCTION**

*1 Plaintiff has brought a civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Todd and Fitzpatrick, the judge and district attorney, respectively, who presided and prosecuted over his criminal proceedings. Having reviewed the parties submissions, the Court finds that Plaintiff's case must be dismissed with prejudice because his conviction has not been independently vacated, or, alternatively, because both Defendants are entitled to absolute immunity.

**II. BACKGROUND**
**A. Plaintiff's Complaint**

In a civil rights complaint dated September 7, 2012, Plaintiff *pro se* alleges that Defendants committed malicious prosecution and fraud. *See* Dkt. No. 1 at ¶ 7. Plaintiff does so while he remains confined in the Clinton Correction Facility, located in Dannemora, New York. *See* Dkt. No. 1 at ¶ 2. Specifically, Plaintiff alleges that Defendants did the following: (1) permitted the introduction of false testimony in order to

deny motions to vacate his conviction; (2) made material, discriminatory misstatements of the law; and (3) failed to disclose potential exculpatory evidence. *See id.* at 4. Plaintiff requests actual and punitive damages in the sum of $15,000,000.

In a Report, Recommendation and Order dated February 7, 2013, Magistrate Judge Peebles recommended that the Court dismiss with prejudice Plaintiff's claims against both Defendant Fitzpatrick and Defendant Todd pursuant to *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), or, alternatively, on the basis of prosecutorial and judicial immunity, respectively. *See* Dkt No. 7 at 9–15.

**B. Plaintiff's Objection to Magistrate Judge Peebles' Report, Recommendation and Order**

Plaintiff objects to Magistrate Judge Peebles' Order and Report–Recommendation. Firstly, Plaintiff claims that his original complaint against Defendant Todd had nothing to do with his criminal trial, which he says was presided over by Judge William D. Walsh, not Defendant Todd. *See* Dkt. No. 8 at 1. The fraud claims against Defendant Todd are apparently derived from Plaintiff's "at least 7 or 8440.10 motions in the hands of [J]udge Donald E. Todd and the D.A. office." *See id.* at 2. Plaintiff, therefore, objects to Magistrate Judge Peebles' reliance on *Heck* in his Report, Recommendation and Order.

Secondly, Plaintiff objects to Magistrate Judge Peebles' reliance on absolute immunity in his Order and Report–Recommendation. According to Plaintiff's objection, "[t]he [i]mmunity type of shield doesn't [i]mmune corrupt." *See id.*

**III. DISCUSSION**
**A. Standard of Review**

When a party files specific objections to a magistrate judge's report-recommendation, the district

Not Reported in F.Supp.2d, 2013 WL 2487253 (N.D.N.Y.)
**(Cite as: 2013 WL 2487253 (N.D.N.Y.))**

court makes a *"de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir,* No. 9:08–CV–322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b) (1).

**\*2** A court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or ... seeks monetary relief from a defendant who is immune to such relief." 28 U.S.C. § 1915A(b). This ability to dismiss a complaint *sua sponte* exists even in cases in which a prisoner has attempted to file his or her complaint *in forma pauperis. See Nance v. Kelly,* 912 F.2d 605, 606 (2d Cir.1990). It should be noted that "extreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond[.]" *Anderson v. Coughlin,* 700 F.2d 37, 41 (2d Cir.1983).

A court should not dismiss a plaintiff's complaint if it states "enough facts to state a claim to relief that is plausible on its face." *Bell v. Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The court should accept all of a complaint's factual allegations as true, but the court is not bound to accept the complaint's legal conclusions. *See id.* (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.' *Id.* at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

Despite this recent tightening of the standard for pleading a claim, complaints by *pro se* parties continue to be accorded more deference than those filed by attorneys. *See Erickson v. Pardus,* 551 U.S. 89, 127, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). As such, *Twombly* and *Iqbal* notwithstanding, this Court must continue to "construe [a complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests." *Weixel v. Bd. of Educ.,* 287 F.3d 138, 146 (2d Cir.2002).

**B. Relief under 42 U.S.C. § 1983**

Section 1983 imposes liability for "conduct which 'subjects, or causes to be subjected' the complainant to a deprivation of a right secured by the Constitution and laws." *Rizzo v. Goode,* 423 U.S. 362, 370–71, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976) (quoting 42 U.S.C. § 1983). Not only must the conduct deprive the plaintiff of rights and privileges secured by the Constitution, but the actions or omissions attributable to each defendant must be the proximate cause of the injuries and consequent damages that the plaintiff sustained. *See Brown v. Coughlin,* 758 F.Supp. 876, 881 (S.D.N.Y.1991) (citing *Martinez v. California,* 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481, *reh. denied,* 445 U.S. 920, 100 S.Ct. 1285, 63 L.Ed.2d 606 (1980)). As such, for a plaintiff to recover in a section 1983 action, he must establish a causal connection between the acts or omissions of each defendant and any injury or damages he suffered as a result of those acts or omissions. *See id.* (citing *Givhan v. Western Line Consolidated School District,* 439 U.S. 410, 99 S.Ct. 693, 58 L.Ed.2d 619 (1979)) (other citation

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2013 WL 2487253 (N.D.N.Y.)
**(Cite as: 2013 WL 2487253 (N.D.N.Y.))**

omitted).

### C. Absolute Immunity

**\*3** Plaintiff's first objection, clarifying that his initial complaint was made about the proceedings surrounding his motion to vacate his conviction, rather than the conviction itself, is immaterial. Such an objection does not change the fact that Plaintiff is challenging his underlying conviction, which is the only fact Magistrate Judge Peebles needed to rely on when applying his absolute immunity analysis in his Order and Report–Recommendation. Plaintiff's objections to Magistrate Judge Peebles' reliance on Defendants' absolute immunity are not factual objections, but instead legal conclusions that absolute immunity does not apply in his case. These objections are without merit.

### 1. Judicial Immunity as Applied to Defendant Todd

Defendant Todd is a sitting Oswego County Court Judge who denied Plaintiff's C.P.L. § 440.10 motions to vacate his conviction. *See* Dkt. No. 1 at ¶ 3.

"It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." *Bliven v. Hunt,* 579 F.3d 204, 209 (2d Cir.2009) (citations omitted). This immunity is "from suit, not just from ultimate assessment of damages." *Mireles v. Waco,* 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (citation omitted). The 1996 Congressional amendments to § 1983 further barred injunctive relief and provided that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Federal Courts Improvement Act of 1996, Pub.L. No. 104–317, § 309(c), 110 Stat. 3847, 3853 (1996); *see also Montero v. Travis,* 171 F.3d 757 (2d Cir.1999). Therefore, a judge is immune from all forms of suit unless he has acted either beyond the judge's judicial capacity, or "in the complete absence of all jurisdiction." *Bobrowsky v. Yonkers Courthouse,* 777 F.Supp.2d 692, 711 (S.D.N.Y.2011) (citing *Mireles,* 502 U.S. at 11, 112 S.Ct. 286, 116 L.Ed.2d 9).

In determining whether or not the judge acted in the "clear absence of all jurisdiction," the judge's jurisdiction is to be construed broadly, "and the asserted immunity will only be overcome when the 'judge clearly lacks jurisdiction over the subject matter.' " *Bliven,* 579 F.3d at 209 (quoting *Maestri v. Jutkofsky,* 860 F.2d 50, 52 (2d Cir.1988)). "Whether a judge acted in a 'judicial capacity' depends on the 'nature of the act [complained of] itself, i.e., whether it is a function normally performed by a judge, and [on] the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity.' " *Ceparano v. Southampton Justice Court,* 404 Fed. Appx. 537, 539 (2d Cir.2011) (quoting *Stump v. Sparkman,* 435 U.S. 349, 362, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978)). "Further, if the judge is performing in his judicial capacity, the 'judge will not be deprived of immunity because the action he took was in error, or was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the "clear absence of all jurisdiction." ' " *Ceparano,* 404 Fed. Appx. at 539 (quotation omitted). "Judges are not, however, absolutely 'immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity.' " *Bliven,* 579 F.3d at 209 (quotation and other citation omitted). While absolute judicial immunity does not bar claims for prospective injunctive relief, such relief is not available under § 1983 absent an allegation of a violation of a prior declaratory decree or that declaratory relief was unavailable. *See Montero v. Travis,* 171 F.3d 757, 761 (2d Cir.1999) (quotation omitted).

**\*4** In the present matter, Plaintiff's complaint alleges that Defendant Todd committed fraud while presiding as a judge over Plaintiff's motions to vacate his sentence. It is specifically because Defendant Todd performed these actions in his judicial capacity that Plaintiff has filed his complaint. Plaintiff has failed to

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2013 WL 2487253 (N.D.N.Y.)
**(Cite as: 2013 WL 2487253 (N.D.N.Y.))**

allege that Defendant Todd was acting in the complete absence of jurisdiction or beyond his judicial capacity, nor could he. As such, the Court finds that Magistrate Judge Peebles correctly applied the absolute immunity standard to Plaintiff's claims against Defendant Todd.

### 2. Prosecutorial Immunity as Applied to Defendant Fitzpatrick

A prosecutor is entitled to absolute immunity for "performing prosecutorial activities that are 'intimately associated with the judicial phase of the criminal process.' " *Hill v. City of New York,* 45 F.3d 653, 660–61 (2d Cir.1995) (quoting *Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)). "[G]enerally only (a) the prosecutor's decisions with regard to whether or not to institute a prosecution and (b) his performance of his litigation-related duties are given the shield of absolute immunity. Most other activities are characterized as administrative or investigative and, thus, merit less protection." *Ying Jing Gan v. City of New York,* 996 F.2d 522, 530 (2d Cir.1993) (citations and quotation marks omitted).

Since determining whether a prosecutor's conduct is properly categorized as prosecutorial, investigative, or administrative "may present [a] difficult question[ ]," *Imbler,* 424 U.S. at 431 n. 33, the Supreme Court has adopted a "functional approach" that looks at "the nature of the function performed, not the identity of the actor who performed it." *Forrester v. White,* 484 U.S. 219, 229, 108 S.Ct. 538, 98 L.Ed.2d 555 (1987). "The Second Circuit views the pre-litigation function that a prosecutor performs as having at least two aspects: '(1) the supervision and interaction of law enforcement agencies in acquiring evidence which might be used in a prosecution, and (2) the organization, evaluation, and marshalling of the evidence into a form that will enable the prosecutor to try a case, seek a warrant, indictment, or order.' " *Ying Jing Gan,* 996 F.2d at 528 (quoting *Barbera v. Smith,* 836 F.2d 96, 100 (2d Cir.1987)) (emphasis removed).

"[T]he first category consists of actions that are of a police nature and are not entitled to absolute protection." *Barbera,* 836 F.2d at 100; *see also Burns v. Reed,* 500 U.S. 478, 493, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991) (holding that "advising the police in the investigative phase of a criminal case is [not] so intimately associated with the judicial phase of the criminal process that it qualifies for absolute immunity") (quotation marks and citation omitted). Generally, "[b]efore any legal proceeding has begun and before there is probable cause to arrest, it follows that a prosecutor receives only qualified immunity for his acts." *Hill,* 45 F.3d at 661 (citing *Barbera,* 836 F.2d at 100).

**\*5** The complaint against Defendant Fitzpatrick centers on Plaintiff's unsuccessful attempts to have his conviction vacated. These events are squarely within the judicial process, thereby entitling Defendant Fitzpatrick to absolute immunity from suit. In his objections to Magistrate Judge Peebles' Report, Recommendation and Order, Plaintiff argues that he submitted seven or eight motions to vacate and, despite the fact that the evidence showed that "the State of New York doesn't have a legit case," the motions were nevertheless denied. *See* Dkt. No. 8 at 2. Plaintiff's complaint and objections clearly deal with Defendant Fitzpatrick's decision to prosecute his case, the decision to oppose the motion to vacate his conviction, and Defendant Fitzpatrick's ultimate success in opposing the motion to vacate his conviction.

Based on the foregoing, the Court finds that Magistrate Judge Peebles correctly recommended that the Court should dismiss the claims against Defendant Fitzpatrick because of absolute prosecutorial immunity.

### D. *Heck v. Humphrey*

Unlike Plaintiff's objection that it would be immoral for the doctrine of absolute immunity to be applied in his situation, his objection to Magistrate Judge Peebles' *Heck v. Humphrey,* 512 U.S. 477, 114

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2013 WL 2487253 (N.D.N.Y.)
**(Cite as: 2013 WL 2487253 (N.D.N.Y.))**

S.Ct. 2364, 129 L.Ed.2d 383 (1994), analysis alleges facts that, on their face, were not explicitly discussed in Magistrate Judge Peebles' Order and Report–Recommendation. But, despite Plaintiff's insistence that his complaint has nothing to do with the judge who presided over his trial, Judge William D. Walsh, his goal in this matter is to compel a successful N.Y.Crim. Proc. § 440.10 motion to vacate his sentence. *See* Dkt. No. 8; Dkt. No. 1 at ¶ 6; *see also* N.Y.Crim. Proc. Law § 440.10 (Consol.2013). Plaintiff's claim must fail regardless of Defendant's identity because of the outcome which Plaintiff seeks.

In *Heck,* the Supreme Court held that,

to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. 28 U.S.C. § 2254.

*Heck,* 512 U.S. at 486–87; *see also Tavarez v. Reno,* 54 F.3d 109 (2d Cir.1995) (per curiam), (*"Heck* dictates that a cause of action seeking damages under § 1983 for an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated" (quoting *Stephenson v. Reno,* 28 F.3d 26, 27 (5th Cir.1994)) (internal quotation marks omitted). One of the Supreme Court's primary concerns in *Heck* was preventing opportunities that "would permit ... a collateral attack on [plaintiff's] conviction through the vehicle of a civil suit." *Heck,* 512 U.S. at 484 (citation omitted) (internal quotation marks omitted). The plaintiff in *Heck,* as in the present matter, requested only damages and not release from prison. *See* Dkt. No. 1 at ¶ 8; *see also Heck,* 512 U.S. at 479. Yet the Supreme Court made explicit that its holding applied even to prisoners seeking only damages without seeking any injunctive relief. *See Heck,* 512 U.S. at 482.

**\*6** Plaintiff's complaint alleges fraud and malicious prosecution by Defendants and does so in an attempt to demonstrate that his motions to vacate his criminal sentence have been unfairly denied. *See* Dkt. No. 1 at ¶ 6. Under *Heck,* it does not matter that Plaintiff's motions to vacate his sentence have one degree of separation from the events of his original criminal trial before Judge William D. Walsh. Even though Plaintiff has filed his complaint against Defendant Todd, if he succeeds on his complaint, his conviction would be rendered invalid. This cannot be allowed unless Plaintiff's conviction has been vacated on some independent basis. Plaintiff does not allege any such independent basis in his complaint, *see* Dkt. No. 1 at ¶ 6, and as Magistrate Judge Peebles points out, his continued incarceration suggests no such independent basis has yet been found. *See* Dkt. No. 7 at 10. FN1

FN1. The Court has corroborated Magistrate Judge Peebles' search, *see* Dkt No. 7 at 2 n. 1, and confirmed that Plaintiff is still, in fact, incarcerated at Clinton Correctional Facility as of May 29, 2013, with a release date of no earlier than November 24, 2016. *See* Inmate Information, Inmate Population Information Search http://nysdoccslookup.doccs.ny.gov/ (last visited May 29, 2013).

Based on the foregoing, the Court finds that Magistrate Judge Peebles' correctly determined that *Heck v. Humphrey* precludes Plaintiff's claims.

**E. Whether to Permit Amendment**

When a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu,* 222

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2013 WL 2487253 (N.D.N.Y.)
**(Cite as: 2013 WL 2487253 (N.D.N.Y.))**

F.3d 99, 112 (2d Cir.2000) (internal quotation and citations omitted). Of course, an opportunity to amend is not required where "[t]he problem with [the plaintiff's] cause of action is substantive" such that "better pleading will not cure it ." *Id.* (citation omitted).

Although a Court should generally grant a plaintiff proceeding *pro se* at least one opportunity to amend when dismissing a complaint for failure to state a claim, no such opportunity is required when it is clear that such an amendment would be futile, as is the case in the present matter. Since the underlying events of Plaintiff's motion to vacate his conviction are inextricably linked to a criminal conviction that has not been independently vacated, there is no set of facts by which *Heck v. Humphrey* would not bar Plaintiff's claim. Further, there is no set of facts Plaintiff might plead that would avoid the bar of absolute immunity.

Based on the foregoing, the Court finds that Magistrate Judge Peebles correctly recommended that the Court should not grant Plaintiff leave to amend his complaint, since any amendment would be futile.

### IV. CONCLUSION

After carefully considering Magistrate Judge Peebles' Report, Recommendation and Order, Plaintiff's objections thereto, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Peebles' Report, Recommendation and Order is **ADOPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that all claims against Defendants Todd and Fitzpatrick are **DISMISSED with prejudice,** pursuant to 28 U.S.C. § 1915(e)(B)(iii) and 28 U.S.C. § 1915A(b)(2); and the Court further

**\*7 ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this

case; and the Court further

**ORDERS** that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Memorandum–Decision and Order would not be taken in good faith; and, therefore, *in forma pauperis* status for purposes of appeal is **DENIED;**[FN2] and the Court further

FN2. *Coppedge v. United States,* 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum–Decision and Order on Plaintiff in accordance with the Local Rules.

### IT IS SO ORDERED.

*REPORT, RECOMMENDATION, and ORDER*
DAVID E. PEEBLES, United States Magistrate Judge.

Currently pending before me for review are a civil rights complaint and accompanying *in forma pauperis* ("IFP") application, both of which have been submitted for filing by *pro se* plaintiff Carlos Peterson. In his complaint, plaintiff asserts claims pursuant to 42 U.S.C. § 1983 against a sitting judge and a county district attorney, arising out of the criminal conviction that led to his current incarceration.

For the reasons set forth below, plaintiff's application for IFP status is denied, and I recommend that his complaint be dismissed in its entirety based on the fact that the asserted claims are precluded under *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and, alternatively, the defendants' entitlement to absolute immunity.

I. *BACKGROUND*

Plaintiff is a New York State prison inmate currently confined in the Clinton Correctional Facility,

Not Reported in F.Supp.2d, 2013 WL 2487253 (N.D.N.Y.)
**(Cite as: 2013 WL 2487253 (N.D.N.Y.))**

located in Dannemora, New York. Complaint (Dkt. No. 1) at ¶ 2.[FN1] Generally speaking, plaintiff's complaint alleges that he was wrongfully convicted because defendants Judge Donald E. Todd and Onondaga County District Attorney William J. Fitzpatrick (1) permitted the introduction of false testimony and inadmissible evidence at trial; (2) made material misstatements of law in a discriminatory manner; and (3) failed to disclose potentially exculpatory evidence to him. *Id.* at ¶ 6. Additionally, plaintiff's complaint alleges that he was disparately treated, and that his conviction was improperly motivated. *Id.* As a result, plaintiff's complaint asserts claims of malicious prosecution and fraud against both defendants Todd and Fitzpatrick. *Id.* at ¶ 7. As relief, plaintiff seeks recovery of actual and punitive damages totalling $15 million. *Id.* at ¶ 8.

> **FN1.** Although plaintiff's IFP application states that he is not incarcerated, New York State Department of Corrections and Community Supervision ("DOCCS") Inmate Information informs the court that plaintiff incarcerated at Clinton Correctional Facility as of February 4, 2013, with a release date of no earlier than November 24, 2016. Inmate Information, Inmate Population Information Search http://nysdoccslookup.doccs.ny.gov/ (last visited Feb. 4, 2013).

## II. *DISCUSSION*

### A. *Plaintiff's IFP Application*

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $350, must ordinarily be paid. 28 U.S.C. §§ 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it is determined that he is unable to pay the required filing fee.[FN2] 28 U.S.C. § 1915(a)(1).

> **FN2.** The language of that section is am-

biguous because it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States,* 71 Fed. Cl. 366, 367 (Fed.Cl.2006); *see also Fridman v. City of New York,* 195 F.Supp.2d 534, 536 n. 1 (S.D.N.Y.2002).

When a prison inmate requests IFP status, his application must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6–month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In accordance with the local rules of practice of this court, a prisoner may satisfy this requirement by submitting a completed, signed, and certified IFP application.[FN3] N.D.N.Y. L.R. 5.4(b)(1)(A). Local Rule 5.4 further provides that, if the prisoner fails to fully comply with the above-described requirements after being informed by court order of what is required, "the Court shall dismiss the action." N.D.N.Y. L.R. 5.4(b)(2)(A).[FN4]

> **FN3.** A "certified" IFP application is one on which the certificate portion at the bottom of page two of the form IFP application has been completed and signed by an appropriate official at the plaintiff's prison facility. *See, e.g.,* Dkt. No. 2 at 2. The certificate portion of the IFP application requests information regarding funds and/or securities held on account to the inmate's credit over the preceding six months. *Id.*

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

**FN4.** It should be noted that Rule 41(b) of the Federal Rules of Civil Procedure permits a court, in its discretion, to dismiss an action based upon the failure of a plaintiff "to comply with these rules or a court order." Fed.R.Civ.P. 41(b). It is well-settled that the term "these rules" in Fed.R.Civ.P. 41(b) refers not only to the Federal Rules of Civil Procedure, but also to the local rules of practice for this court. *Tylicki v. Ryan,* 244 F.R.D. 146, 147 (N.D.N.Y.2006) (Kahn, J.).

**\*8** In this instance, plaintiff has submitted an IFP application that does not include the required trust account certification. Dkt. No. 2 at 2. Accordingly, plaintiff's IFP application is denied as incomplete. *See, e.g., Resto v. Weissmane,* No. 08–CV–0340, 2008 WL 4021053, at \*3 (N.D.N.Y. Aug. 25, 2008) (Kahn, J., adopting on de novo review report and recommendation by Lowe, M.J.) (denying motion to proceed IFP in part on plaintiff's failure to complete certificate portion of form affidavit), *accord, Ramos v. Doe,* No. 97–CV–1074, 1997 WL 627549, at \*3 (N.D.N.Y. Oct. 9, 1997) (Pooler, J.). [FN5,FN6]

**FN5.** Copies of all unreported decisions have been appended for the convenience of the *pro se* plaintiff. [Editor's Note: Attachments of Westlaw case copies deleted for online display.]

**FN6.** In the event that this action is not dismissed, I recommend that the plaintiff be required, within thirty days of the date of filing of a decision and order permitting the action to proceed, to either (1) pay the required court filing fee of $350, or (2) submit a completed and certified IFP application. Upon the failure of plaintiff to comply with these orders, I will recommend that his complaint be dismissed without prejudice.

### B. *Sufficiency of Plaintiff's Complaint*

### 1. *Standard of Review*

Ordinarily, the denial of plaintiff's IFP application would end the court's discussion, and plaintiff, in light of his *pro se* status, would likely be afforded an opportunity to either prepay the full filing fee, or submit a new, completed, and certified application for IFP. However, 28 U.S.C. § 1915 makes clear that, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—... (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). *See also Nelson v. Spitzer,* No. 07–CV–1241, 2008 WL 268215, at \*1–2 (N.D.N.Y. Jan. 29, 2008) (McAvoy, J.) (denying motion to proceed IFP based on three-strikes rule, then analyzing complaint and dismissing it, pursuant to 28 U.S.C. § 1915(e), for failure to state a claim). Similarly, 28 U.S.C. § 1915A(b) directs a court to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious, or fails to state a claim upon which relief may be granted; or ... seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). *See also Abbas v. Dixon,* 480 F.3d 636, 639 (2d Cir.2007) ("We have found both sections [1915 and 1915A] applicable to prisoner proceedings *in forma pauperis.* ").[FN7] When applying these standards of review, in light of the leniency afforded to *pro se* litigants, *Nance v. Kelly,* 912 F.2d 605, 607 (2d Cir.1990), a court should exercise "extreme caution ... in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond[.]"

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2013 WL 2487253 (N.D.N.Y.)
**(Cite as: 2013 WL 2487253 (N.D.N.Y.))**

*Anderson v. Coughlin,* 700 F.2d 37, 41 (2d Cir.1983) (internal citations omitted).

FN7. To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). "Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915e is appropriate to prevent abuses of the process of the court," *Nelson,* 2008 WL 268215, at *1 n. 3, and "to discourage the filing of [baseless lawsuits], and [the] waste of judicial ... resources," *Neitzke,* 490 U.S. at 327.

When reviewing a complaint under 28 U.S.C. § 1915(e), the court looks to applicable requirements of the Federal Rules of Civil Procedure for guidance. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The purpose of Rule 8 " 'is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable.' " *Powell v. Marine Midland Bank,* 162 F.R.D. 15, 16 (N.D.N.Y.1995) (McAvoy, C.J.) (quoting *Brown v. Califano,* 75 F.R.D. 497, 498 (D.D.C.1977)) (italics omitted).

*9 A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Although the court should construe the factual allegations in a light most favorable to

the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal,* 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly,* 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

Here, plaintiff brings this action pursuant to 42 U.S.C. § 1983, which establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983. *See also Myers v. Wollowitz,* No. 95–CV–0272, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) ("[Section] 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights.")). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir.1993).

### 2. Heck v. Humphrey

Plaintiff's malicious prosecution and fraud claims arise from alleged constitutional violations that occurred in connection with his criminal conviction. Complaint (Dkt. No. 1) at ¶ 6. In *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court held that,

to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2013 WL 2487253 (N.D.N.Y.)
**(Cite as: 2013 WL 2487253 (N.D.N.Y.))**

corpus, 28 U.S.C. § 2254.

*Heck,* 512 U.S. at 486–87; *see also Estes v. Doe,* No. 97–CV–8133, 1999 WL 983886, at *3 (S.D.N.Y. Oct.29, 1999) (quoting *Heck* ). "A claim for damages relating to a conviction that has not been so invalidated is not cognizable under Section 1983." *Estes,* 1999 WL 983886, at *3.

Here, because plaintiff's complaint does not allege that he has successfully invalidated the conviction he seeks to challenge, and the fact of plaintiff's current incarceration suggests his conviction has not, in fact, been invalidated, his claims in this action are precluded. For this reason, I recommend that plaintiff's complaint be dismissed.

### 3. Absolute Immunity

**\*10** Plaintiff's complaint asserts claims against defendant Todd, a sitting Oswego County Court Judge, and defendant Fitzpatrick, the Onondaga County District Attorney, for conduct undertaken in furtherance of their official roles. Complaint (Dkt. No. 1) at ¶ 3. Both, however, are entitled to absolute immunity, warranting dismissal of plaintiff's claims against them on this alternative basis.

"It is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities." *DuQuin v. Kolbert,* 320 F.Supp.2d 39, 40–41 (W.D.N.Y.2004) (citing *Mireles v. Waco,* 502 U.S. 9, 10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991)); *see also Young v. Selsky,* 41 F.3d 47, 51 (2d Cir.1994). This is true however erroneous an act may have been, and however injurious its consequences were to the plaintiff. *Young,* 41 F.3d at 51. It should be noted, however, that "a judge is immune only for actions performed in his judicial capacity." *DuQuin,* 320 F.Supp.2d at 41.

It is equally well-established that "prosecutors are entitled to absolute immunity for that conduct 'inti-

mately associated with the judicial phase of the criminal process.' " *Hill v. City of New York,* 45 F.3d 653, 660–61 (2d Cir.1995) (quoting *Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)). "In determining whether absolute immunity obtains, we apply a 'functional approach,' looking at the function being performed rather than to the office or identity of the defendant." *Hill,* 45 F.3d at 660 (quoting *Buckley v. Fitzsimmons,* 509 U.S. 259, 269, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993)); *see also Bernard v. County of Suffolk,* 356 F.3d 495, 504 (2d Cir.2004) ("The appropriate inquiry ... is not whether authorized acts are performed with a good or bad *motive,* but whether the *acts* at issue are beyond the prosecutor's authority."); *Dory v. Ryan,* 25 F.3d 81, 83 (2d Cir.1994) (finding that prosecutorial immunity protects prosecutors from liability under section 1983 "for virtually all acts, regardless of motivation, associated with his function as an advocate").

Applying these well-established principles to this case, it is clear that plaintiff's claims against defendants Todd and Fitzpatrick are subject to dismissal. The claims against both stem from plaintiff's criminal trial, during which, his complaint alleges, both defendants were complicit in the presentation of false testimony and inadmissible evidence, and made material misstatements of the law. Complaint (Dkt. No. 1) at ¶ 6. The complaint also alleges that the defendants failed to disclose potentially favorable evidence to the plaintiff. *Id.* Because these acts were conducted in furtherance of defendant Todd's judicial duties, and defendant Fitzpatrick's prosecutorial duties during the judicial phase of the criminal proceeding against plaintiff, both defendants are protected from suit by absolute immunity. *See, e.g., Stump v. Sparkman,* 435 U.S. 349, 362, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) ( "The relevant cases demonstrate that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.,* whether it is function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his official capacity."); *Hill,* 45 F.3d

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2013 WL 2487253 (N.D.N.Y.)
**(Cite as: 2013 WL 2487253 (N.D.N.Y.))**

at 661–62 ("As to [the prosecutor]'s failure to turn over [exculpatory] material, ... this omission occurred after the prosecutorial phase of the case had begun and therefore is protected as a discretionary advocacy function."); *Barrett v. U.S.,* 798 F.2d 565, 571–72 (2d Cir.1986) ("The absolute immunity accorded to government prosecutors encompasses not only their conduct of trials but all of their activities that can be fairly characterized as closely associated with the conduct of litigation or potential litigation[.]"); *Sheikh v. Foxman,* No. 12–CV–0442, 2012 1166439, at *1–2 (M.D.Fla. Mar. 26, 2012) (finding that "the allegedly wrongful acts by [the defendant-judge]," including his "refusal to admit certain evidence[,] ... were judicial acts within his authority as the presiding judge"); *Mesmer v. St. Mary's Cnty.,* No. 10–CV–1053, 2010 WL 1881772, at *2 (D.Md. May 7, 2010) ("Indeed, a decision about admission or exclusion of evidence is precisely the kind of decision a judge routinely makes during the course of judicial proceedings.").

### C. *Whether to Permit Amendment*

**\*11** Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend *at least* once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark,* 927 F.2d 698, 704–05 (2d Cir.1991); *see also* Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires"); *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 796 (2d Cir.1999) (granting leave to amend is appropriate "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim."); *Mathon v. Marine Midland Bank, N.A.,* 875 F.Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead granted where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). However, an opportunity to amend is not required where "the problem with [plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir.2000); *see also*

*Cortec Indus. Inc. v. Sum Holding L.P.,* 949 F.2d 42, 48 (2d Cir.1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir.1993); *accord, Brown v. Peters,* No. 95–CV–1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.").

In this instance, the deficiencies identified above are substantive in nature and extend beyond the mere sufficiency of plaintiff's complaint. Accordingly, I conclude that any amendment that could be offered by the plaintiff would be futile, and therefore recommend against granting him leave to amend.

### III. *SUMMARY AND RECOMMENDATION*

Plaintiff's claims in this action, asserted against the sitting judge who presided over his criminal trial, and the district attorney who prosecuted the case against him, are precluded under *Heck v. Humphrey,* based upon plaintiff's failure to allege that his conviction has been invalidated, and additionally because both defendants are entitled to absolute immunity. It is therefore hereby

ORDERED, that plaintiff's *in forma pauperis* application (Dkt. No. 2), is DENIED, as incomplete; and it is further respectfully

RECOMMENDED, that plaintiff's claims against defendants Todd and Fitzpatrick be DISMISSED, without leave to replead, pursuant to 28 U .S.C. § 1915(e)(B)(iii) and 28 U.S.C. § 1915A(b)(2), and that the clerk be directed to enter judgment and close the action; and it is further

Not Reported in F.Supp.2d, 2013 WL 2487253 (N.D.N.Y.)
**(Cite as: 2013 WL 2487253 (N.D.N.Y.))**

ORDERED, that the clerk of the court serve a copy of this report and recommendation on plaintiff, by regular mail; and it is further

**\*12** RECOMMENDED that the District Judge certify, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from the court's decision and order adopting this recommendation would not be taken in good faith, and therefore DENY any IFP application for purposes of an appeal. *Coppedge v. United States,* 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS RE-PORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir.1993).

N.D.N.Y.,2013.
Peterson v. Todd
Not Reported in F.Supp.2d, 2013 WL 2487253 (N.D.N.Y.)

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.